## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-20016** |
| | ) | |
| **JAMES RAY PIKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## OPINION

This matter is before the court for ruling on the Government's Motion in Limine to Bar Affirmative Defense Statements (#22), the Government's Notice of Existence of Defendant's Felony Convictions for Impeachment of Defendant (#24), and the Government's Notice of Introduction of Evidence Admissible under Federal Rule of Evidence 404(b) (#25).   The court rules as follows on these matters.

### 1. *Motion in Limine to Bar Affirmative Defense Statements*

On June 7, 2006, the Government filed a Motion in Limine to Bar Affirmative Defense Statements (#22).  In its motion, the Government seeks to bar Defendant Piker from introducing any evidence that he was in the process of delivering the firearm charged in the indictment to either the Edgar County Sheriff or any other law enforcement agency at the time of his arrest.  In its motion, the Government indicates Officer Jeff Goodwin of the Paris Police Department stopped Defendant Piker because he was driving a pickup truck with an illegal license plate.  Defendant Piker was

arrested for driving a pickup with improper registration.  The vehicle was impounded and, when an inventory search was conducted on the truck, the firearm which forms the basis of the instant charge was found on the right of the driver's seat.  Defendant Piker thereafter made statements to police that he had found the gun and was intending to take it to law enforcement authorities at the time he was pulled over.  The Government asserts that Piker's explanation of the reason for possessing the gun should be barred from being presented at trial because it cannot constitute an "innocent possession" defense.  In his response, Defendant Piker confesses the motion.  Based upon the reasoning in United States v. Hendricks, 319 F.3d 993 (7th Cir. 2003), this court agrees that the motion should be GRANTED.

2. *Notice of Existence of Defendant's Felony Convictions for Impeachment Purposes*

In its Notice of Existence of Defendant's Felony Convictions for Impeachment of Defendant (#24), the Government indicates it intends to impeach Defendant Piker with the following convictions should he elect to testify: (1) a 2004 conviction of unlawful manufacture of a controlled substance with the intent to deliver more than 15 grams but less than 100 grams of a substance containing methamphetamine; (2) a 2004 conviction of knowingly possessing a 9 mm semi-automatic handgun after having been convicted of a felony; (3) a 2001 conviction of obstruction of justice; (4) a 1998 conviction of transportation of dangerous drugs for sale; and (5) a 1998 conviction of misconduct involving weapons with one prior felony conviction.  In his Response (#32), Defendant Piker concedes the admissibility of the 2004 conviction for manufacture of methamphetamine and the 2001 conviction for obstruction of justice.  Defendant Piker objects to the admission of the 2004 weapon possession conviction, the 1998 drug conviction, and the 1998 weapon possession conviction.

Federal Rule of Evidence 609 provides that for purposes of impeachment, prior felony convictions of the Defendant shall be admitted if the probative value of the evidence outweighs its prejudicial effect. Fed. R. Ev. 609(a)(1). If the convictions or release from confinement imposed for those convictions is more than ten years old, other requirements are imposed, but the convictions the Government wishes to use fall within this time limitation. The Seventh Circuit has provided a five-part test to aid this court in the exercise of its discretion with respect to Rule 609(a). In analyzing whether the probative value of Defendant's prior convictions outweighs their prejudicial effect, this court should consider:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002).

With regard the convictions at issue, the first factor weighs in favor of Defendant because the weapons and drug crimes do not inherently involve dishonesty. As concerns the second factor, Defendant was convicted of the most recent weapons' charge four years ago, while the other two convictions occurred eight years ago. The third factor also weighs in favor of Defendant on the weapons charges because they are similar to the crime charged. However, this factor is less important in the instant case because the Government has stipulated not to state the nature of the charge for purposes of impeachment under Rule 609. In its reply, the Government indicates it will stipulate to limiting the impeachment of Defendant on his weapons convictions to a statement that

Defendant was convicted of a felony, the date the sentence was imposed, and the term of the sentence. The fourth factor also weighs in favor of Defendant because his testimony is important to this case. However, weighing against Defendant is the final factor because credibility in this case is an important issue. In light of all these factors, this court concludes that the Government should be allowed to impeach Defendant Piker with these convictions.

Defendant Piker asserts that the 1998 drug conviction should not be admitted because it is duplicative of the 2004 drug conviction. However, the Seventh Circuit has allowed convictions for similar drug offenses to be admitted in felon in possession cases. See United States v. Montgomery, 390 F.3d 1013, 1015-16 (7th Cir. 2004). Accordingly, the Government will be allowed to impeach Defendant with his five prior felony convictions. With regard to the prior convictions regarding weapons, the Government will be limited to stating that Defendant was convicted of a felony, the date of the conviction, and the sentence imposed. Furthermore, to prevent any unfair prejudice to Defendant, the court will issue the appropriate limiting instruction to the jury to consider this evidence only as to Defendant's credibility. United States v. Hernandez, 106 F.3d 737, 740 (7th Cir. 1997).

3. *Notice of Introduction of Evidence Admissible under Federal Rule of Evidence 404(b)*

In its Notice (#25), the Government indicates its seeks to introduce Defendant's prior conviction for unlawful possession of a firearm. This prior conviction arose from incidents on November 5 and 6, 2002. At that time Edgar County Deputy Sheriff Rodger Hopper and Police Chief McDaniel of Kansas, Illinois executed a search warrant at 1479 Dennison in Edgar County. During the execution of the warrant on November 5, 2002, officers discovered Defendant Piker hiding in the bushes. The next day a second search warrant was executed and officers found a

-4-

loaded firearm in the bushes where Defendant Piker had been hiding. Officers also found a brown ammunition belt containing 24 rounds of ammunition and a black nylon holster for the gun. Defendant Piker pleaded guilty to the charge of unlawful possession of a firearm and was sentenced to three years' imprisonment on May 11, 2004.

The Government asserts this prior conviction is admissible to show knowledge, motive, opportunity, intent, and absence of mistake or accident. The Government asserts that the fact that Piker on both occasions had ammunition in his vehicle and on both occasions had a loaded firearm in the immediate vicinity of his person is relevant to the fact that he also possessed an illegal firearm and ammunition on March 2, 2004. The Government further indicates that this past conviction is relevant because Piker's girlfriend, Pamela Smiley, was present on both occasions.

Rule 404(b) prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question. United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005). Such evidence can be admitted, however, if it is offered for purposes other than showing propensity, such as to establish intent, knowledge, lack of mistake, motive, or opportunity. Chavis, 429 F.3d at 667. A four-part standard governs the admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other
>
> than the defendant's propensity to commit the crime charged; (2) the
>
> evidence [must] show[] that the other act is similar enough and close
>
> enough in time to be relevant to the matter in issue; (3) the evidence
>
> [must be] sufficient to support a jury finding that the defendant
>
> committed the similar act; and (4) the probative value of the evidence

[must] not [be] substantially outweighed by the danger of unfair

prejudice.

Chavis, 429 F.3d at 667, quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

In United States v. Phillip Jones, 389 F.3d 753 (7th Cir. 2004), vacated on other grounds, 125 S. Ct. 2948 (2005), the Seventh Circuit disagreed with a decision of this court to allow the Government to introduce evidence of the defendant's prior convictions at trial.  The Seventh Circuit stated that, because the Government "failed to show that the priors were relevant at all for the purpose to which it wanted to put them," the prior convictions "were wrongly admitted."  Jones, 389 F.3d at 758.  In reaching this conclusion, the Seventh Circuit noted the difficulty in distinguishing when such evidence is being introduced to show propensity or being introduced to show intent. Jones, 389 F.3d at 756-57.  The Seventh Circuit stated, "[i]t will be difficult, if not impossible, to know on which side of the line any particular past conviction falls without both specific evidence about the prior conviction and a well articulated theory of the legitimate purpose that it allegedly serves for the present case."  Jones, 389 F.3d at 757.

In exercising its discretion in this case, this court has considered the four-part standard and concludes that the evidence of Defendant's prior conviction should not be admitted in the Government's case-in-chief.  This court concludes that the evidence of Defendant's prior conviction would really just show propensity under these circumstances.  As the Seventh Circuit recently stated in United States v. Keefer Jones, __ F.3d __, 2006 WL 2129703 *7 (7th Cir. 2006), "it is incumbent on the Government to affirmatively show why a particular prior conviction tends to show . . . volition to commit the new crime."  This court finds that the Government has failed to meet that burden in this case.  This court acknowledges with regard to the second prong of the analysis that

-6-

the prior conviction in this case is similar and close enough in time to be relevant. Furthermore, because Defendant pleaded guilty to the prior charge, evidence of the prior conviction would be sufficient to support a jury finding that he committed the prior act. However, as far as the fourth prong, this court agrees with Defendant that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Accordingly, the Government will be barred from introducing the nature of Defendant's prior conviction of possession of a weapon in its case-in-chief. The court agrees with the Government that the evidence may be admissible in rebuttal if Defendant's testimony opens the door to such evidence. However, a ruling on the scope of such admissibility cannot be made until the court hears the substance of Defendant Piker's testimony, should he elect to testify at trial.

IT IS THEREFORE ORDERED:

(1) The Government's Motion in Limine to Bar Affirmative Defense Statements (#22) is GRANTED.

(2) As concerns the Government's Notice of Existence of Defendant's Felony Convictions for Impeachment of Defendant (#24), the Government will be allowed to impeach Defendant with his five prior felony convictions. With regard to the prior convictions regarding weapons, the Government will be limited to stating that Defendant was convicted of a felony, the date of the conviction, and the sentence imposed. Furthermore, to prevent any unfair prejudice to Defendant, the court will issue the appropriate limiting instruction to the jury to consider this evidence only as to Defendant's credibility.

(3) As concerns the Government's Notice of Introduction of Evidence Admissible under

Federal Rule of Evidence 404(b) (#25), the Government will be barred from introducing the nature of Defendant's prior conviction of possession of a weapon in its case-in-chief.  The court agrees with the Government that the evidence may be admissible in rebuttal if Defendant's testimony opens the door to such evidence.

ENTERED this 30TH day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE